| | |
|---|---|
| **DISTRICT COURT, LOGAN COUNTY, COLORADO**<br>Court Address: 110 N. Riverview Road, Sterling, CO 80751 | DATE FILED: October 3, 2014 1:11 PM<br>FILING ID: 9605D304BC0F8<br>CASE NUMBER: 2014CV30073 |
| Plaintiff: **MERGS UNLIMITED, LLC**,<br><br>v.<br><br>Defendant: **BNSF RAILWAY COMPANY**, and **UNION PACIFIC RAILROAD COMPANY**. | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff:*<br>Timothy R. Odil, #35771<br>OTIS, BEDINGFIELD & PETERS, LLC<br>The Doyle Building<br>1812 56th Avenue, 2nd Floor<br>Greeley, CO 80634<br>Telephone: (970) 330-6700<br>Facsimile: (970) 330-2969<br>Email: todil@nocoattorneys.com | Case Number: **14 CV** _____<br><br>Division: \_\_\_\_ |
| **COMPLAINT** | |

Plaintiff, Mergs Unlimted, LLC, by and through its undersigned counsel, Otis, Bedingfield & Peters, LLC, states as follows for its Complaint against the above-referenced defendants:

### PARTIES, VENUE, AND JURISDICTION

1. Plaintiff, Mergs Unlimited, LLC ("Plaintiff" or "Mergs Unlimited"), is a Colorado limited liability company with its primary place of business at 7621 South Ivanhoe Way, Centennial, Colorado 80112.

2. Defendant BNSF Railway Company ("BNSF") is a Delaware corporation qualified to do business in Colorado, with a principal place of business located at 2650 Lou Menk Drive, Fort Worth, Texas 76131. BNSF's Colorado registered agent is The Corporation Company, located at 1675 Broadway, Suite 1200, Denver, CO 80202.

3. Defendant Union Pacific Railroad Company ("Union Pacific") is a Delaware corporation qualified to do business in Colorado, with a principal place of business located at 1400 Douglas St, Omaha, Nebraska 68179. Union Pacific's Colorado

Exhibit 1

   registered agent is The Corporation Company, located at 1675 Broadway, Suite 1200, Denver, CO 80202.

4.  Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) because Defendants may be found in Logan County, Colorado, and 98(c)(5) because the facts and claims asserted herein occurred in Logan County, Colorado.

5.  Jurisdiction is proper in this Court pursuant to C.R.S. § 13-1-124(1)(a), (b), and (c).

## GENERAL ALLEGATIONS

6.  Plaintiff incorporates the allegations in Paragraphs 1 through 5, inclusive, as if set forth fully herein.

7.  BNSF is a railroad freight transportation company that serves the western two-thirds of the United States. BNSF operates approximately 7,000 locomotives.

8.  Union Pacific is a railroad freight transportation company that serves the western two-thirds of the United States. Union Pacific operates approximately 8,300 locomotives.

9.  Mergs Unlimited is a member-owned hunting club. As part of its function as a hunting club, Mergs Unlimited owns several parcels of real property in Logan County located at or near 14523 Highway 6, Sterling, Colorado (the "Property"), along the South Platte River. The Property consists of approximately 538 acres of land.

10.  The Property is bounded by and/or crossed by railroad right-of-way containing railroad tracks (the "Railroad Tracks") owned by Union Pacific, and on which both Union Pacific and BNSF operate their respective railroad businesses.

11.  On October 3, 2012, at approximately 12:39 p.m., a BNSF train (the "Train") traveling on the Railroad Tracks ignited multiple fires (the "Fires") along an approximately eight-mile length of the Railroad Tracks from Atwood, Colorado to Merino, Colorado, which includes the Property.

12.  The Fires advanced from the Railroad Tracks toward the South Platte River. The Fires advanced to the river bottom and crossed several water channels.

13.  Multiple firefighting crews responded to the Fires, including crews from Sterling, Merino, Fleming, Crook, Peetz, and Hillrose.

14.  The Fires were completely extinguished on or about October 4, 2012 at 9:45 a.m. In total, the Fires burned approximately 5,000 acres of land.

15. Responding firefighters determined that the Fires originated from the Railroad Tracks and ignited solely due to sparks, embers, or flame created from passing railroad equipment, and not from other human cause.

16. The burn pattern of the Fires, which shows a travel pattern originating from the Railroad Tracks and toward the South Platte River, shows multiple ignition points along the Railroad Tracks over an approximately eight-mile length, demonstrating that the Fires originated from the Train traveling along the Railroad Tracks.

17. The Train was operated by BNSF and passed along the Railroad Tracks at or about 12:39 p.m. on October 3, 2012.

18. The Fires burned approximately 182 acres of Mergs Unlimited's Property. Approximately 77 acres of the burned Property consisted of grassland. The remaining 105 acres of the burned Property consisted of riparian land covered with trees, brush, low vegetation, and other groundcovers well-suited to providing habitat for duck, dove, goose, quail, pheasant, turkey, and deer, which Mergs Unlimited and its members use for hunting.

19. The Fires burned more than 584 trees of species including plains cottonwood, green ash, Siberian elm, peachleaf willow, black locust, and Russian olive, with a trunk diameter of greater than three inches. The Fires also burned additional smaller trees, shrubbery, forbes, and grasses. Burned dead and dying trees have and will continue to decay, break, and fall.

20. As a result of the Fires, the burned Property is no longer suitable as habitat for the animal species listed above, and, therefore, no longer suitable for hunting. Specifically, duck, dove, goose, quail, pheasant, turkey, and deer are nonexistent or severely reduced in number in the burned area due to lack of trees, groundcover, and brush needed for their respective habitats.

21. Mergs Unlimited and its members have suffered damages as a result of the Fires.

## FIRST CLAIM FOR RELIEF
Strict Liability – C.R.S. § 40-30-103 (All Defendants)

22. Plaintiff incorporates the allegations in Paragraphs 1 through 21, inclusive, as if set forth fully herein.

23. Pursuant to Colorado law, every railroad company operating its line of road, or any part thereof, within this state shall be liable for all damages by fires that are set out or caused by operating any such line of road, or any part thereof, in this state, whether negligently or otherwise.

24. Mergs Unlimited brought this action within the time permitted by C.R.S. § 40-30-103. The Fires were ignited on October 3, 2012, and Mergs Unlimited has brought this action within two years of the accrual of its damages.

25. Union Pacific is a railroad company.

26. BNSF is a railroad company.

27. Union Pacific owns the Railroad Tracks and uses the Railroad Tracks for its own trains, and also allows BNSF to use the Railroad Tracks. Union Pacific therefore operates a railroad company within the State of Colorado.

28. BNSF operated the Train on the Railroad Tracks within the State of Colorado. BNSF therefore operates a railroad company within the State of Colorado.

29. Union Pacific and BNSF's actions caused the Fires.

30. Mergs Unlimited is the owner of the Property damaged by the Fires.

31. As a direct and proximate result of the Fires, Mergs Unlimited has incurred damages and will continue to incur damages in an amount to be proven at trial.

32. Mergs Unlimited is therefore entitled to judgment against Union Pacific and BNSF for all damages and losses sustained as a result of the Fires, together with pre- and post-judgment interest, costs, and attorneys' fees to the extent provided by law or Court rule.

## SECOND CLAIM FOR RELIEF
Negligence (All Defendants)

33. Plaintiff incorporates the allegations in Paragraphs 1 through 32, inclusive, as if set forth fully herein.

34. As a large railroad freight company, BNSF has a duty to use reasonable care in the operation of its locomotives and railcars in a manner that protects against safety risks to third-parties and their property, including taking all reasonable steps to protect against the risk of fire.

35. As a large railroad freight company and owner of the Railroad Tracks, Union Pacific has a duty to use reasonable care in the operation of its track in a manner that protects against safety risks to third-parties and their property, including taking all reasonable steps to protect against the risk of fire.

36. BNSF knew of or should have known in the exercise of reasonable care of a condition that existed on the track, locomotives, and railcars passing by the Property on October 3, 2012, that created an unreasonable risk of fire. Such condition included, without limitation, faulty, defective, or missing track, mechanical equipment, safety equipment, and spark and fire arresting equipment.

37. BNSF operated the Train on the Railroad Tracks on October 3, 2012, that created an unreasonable risk of igniting a fire. Accordingly, BNSF was negligent.

38. Union Pacific maintained the Railroad Tracks, and permitted the operation of the Train on the Railroad Tracks on October 3, 2012, in a manner that created an unreasonable risk of igniting a fire.

39. Union Pacific knew of or should have known in the exercise of reasonable care of a condition that existed on the track, locomotives, and railcars passing by the Property on October 3, 2012, that created an unreasonable risk of fire. Such condition included, without limitation, faulty, defective, or missing track, mechanical equipment, safety equipment, and spark and fire arresting equipment. Accordingly, Union Pacific was negligent.

40. Union Pacific's and BNSF's negligent operation of tracks, locomotives, and railcars caused the Fires.

41. Mergs Unlimited is the owner of the Property damaged by the Fires.

42. As a direct and proximate result of the Fires, Mergs Unlimited has incurred damages and will continue to incur damages in an amount to be proven at trial.

43. Mergs Unlimited is therefore entitled to judgment against Union Pacific and BNSF for all damages and losses sustained as a result of the Fires, together with pre- and post-judgment interest, costs, and attorneys' fees to the extent provided by law or Court rule.

## THIRD CLAIM FOR RELIEF
Trespass (BNSF)

44. Plaintiff incorporates the allegations in Paragraphs 1 through 43, inclusive, as if set forth fully herein.

45. Mergs Unlimited is the owner of the Property.

46. BNSF intentionally caused the Fires to come upon the Property. Specifically, BNSF intentionally operated the Train on the Railroad Tracks which, in turn, set in motion

a force, specifically, the Fires, which in the usual course of events will damage the property of another. BNSF thereby caused an intrusion onto the Property.

47. The Fires caused physical damage to Mergs Unlimited's Property.

48. As a direct and proximate result of the Fires, Mergs Unlimited has incurred damages and will continue to incur damages in an amount to be proven at trial.

49. Mergs Unlimited is therefore entitled to judgment against BNSF for all damages and losses sustained as a result of the Fires, together with pre- and post-judgment interest, costs, and attorneys' fees to the extent provided by law or Court rule.

WHEREFORE, Mergs Unlimited requests that judgment be entered in its favor and against Union Pacific and BNSF on its claims for relief set forth above, awarding: (a) such actual damages as this Court may deem just and proper; (b) costs of this action; (c) reasonable attorney fees as provided by law; (d) expert witness fees; (e) pre- and post-judgment interest on any award of damages to the extent permitted by law; and (f) such other and further relief as this Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL CLAIMS SO TRIABLE.**

Respectfully submitted this 3rd day of October, 2014.

**OTIS, BEDINGFIELD & PETERS, LLC**
*Attorneys for Plaintiff*

*s/ Timothy R. Odil*

By:   Timothy R. Odil, #35771

Plaintiff's Address:
7621 South Ivanhoe Way, Centennial, CO 80112