**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 15-cv-01896-MSK-CBS

**MERGS UNLIMITED, LLC,**

    Plaintiff,

v.

**BNSF RAILWAY COMPANY; and
UNION PACIFIC RAILROAD COMPANY,**

    Defendants.

**OPINION AND ORDER GRANTING
MOTION TO REMAND**

**THIS MATTER** comes before the Court on the Plaintiff Mergs Unlimited, LLC's Motion to Remand **(#20)** this case to the Colorado District Court for Logan County.  The Defendants, BNSF Railway Company and Union Pacific Railroad Company object. **(#21)**

### Background

The Plaintiff initiated this action on October 3, 2014 in the Colorado District Court for Logan County, asserting claims for common-law negligence, trespass, and strict liability under Colorado law, C.R.S. § 40-30-103.  The Plaintiff seeks, among other things, compensatory damages for injuries to its property allegedly caused by a fire that was ignited by a BNSF train. According to the Complaint **(#3)**, the fire burned approximately 182 acres of the Plaintiff's property, which was previously used for hunting, and caused substantial damage to vegetation and wildlife habitats.  As a result, the Complaint alleges that the property is no longer suitable for hunting.

On September 1, 2015, the Defendants filed a Notice of Removal **(#1)** pursuant to 28 U.S.C. §§ 1441 and 1446.  The Notice of Removal asserts that this Court has subject-matter jurisdiction based on diversity of citizenship between the parties, 28 U.S.C. § 1332.

The Plaintiff filed a timely Motion to Remand **(#20)** the case to the state court.  The Plaintiff alleges that the Notice of Removal is defective because it is untimely under §1446(b)(3), and thus the case must be remanded.  Specifically, the Plaintiff contends that the Defendants failed to file their Notice of Removal within 30 days of receiving "other papers" from which they could have ascertained that the case was removable.  The Defendants dispute that they had notice of the amount in controversy until the Plaintiff provided an affirmative statement of such amount on August 12, 2015.

## Analysis

Although the Motion to Remand is premised upon an alleged defect in timeliness, it is unnecessary to address such issue.  Upon review of the Complaint and the Notice of Removal, the Court finds that there is no showing of complete diversity between the parties.

A civil action is removable only if the plaintiff could have originally brought the action in federal court.  28 U.S.C. § 1441(a).  In this case, removal is premised on diversity jurisdiction under 28 U.S.C. § 1332(a).  Diversity jurisdiction exists when the case involves a dispute between citizens of different states, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1). As the party invoking the federal court's jurisdiction, the Defendant bears the burden of establishing that the requirements for the exercise of diversity jurisdiction are met.  *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).  The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

3

To meet the diversity requirement, there must be complete diversity between all plaintiffs and all defendants. In other words, no defendant can be a citizen from the same state as any plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233 (10th Cir. 2015), the Tenth Circuit held that the citizenship of a limited liability company is determined by reference to the citizenship of each and every one of its members. Here, the Plaintiff is a limited liability company, but neither the Complaint nor the Notice of Removal identifies the members of the Plaintiff or their citizenship. Without such showing, diversity is not established. Consequently, the Court lacks subject-matter jurisdiction over the claims asserted in this action and the case must be remanded to state court.

Accordingly, the Plaintiff's Motion to Remand **(#20)** is **GRANTED**. The Clerk is directed to **REMAND** the case to the Colorado District Court for Logan County.

Dated this 13th day of November, 2015.

**BY THE COURT:**

*/s/ Marcia S. Krieger*
_____

Marcia S. Krieger
Chief United States District Judge